UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANNETTE YOUNG,                                    Case No. 11 CV 2085
                        Plaintiff,           (ARR) (RML)
      -against-

                                                   **AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE
CHRISTOPHER WARD [SHIELD# 5165],       JURY DEMAND
DETECTIVE PEDRO ABREU [SHIELD# 577],
DETECTIVE JOEL POLICHRON [SHIELD# 4640],
DETECTIVE EVANGELOS DIMITRAKAKIS
[SHIELD# 1793] and P.O. LIZA DUPONT
[SHIELD# 16135],
                              Defendants.
------------------------------------------------------------------X

Plaintiff, ANNETTE YOUNG, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Christopher Ward [Shield# 5165], Detective Pedro Abreu [Shield# 577], Detective Joel Polichron [Shield# 4640], Detective Evangelos Dimitrakakis [Shield# 1793] and P.O. Liza Dupont [Shield# 16135], (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants Detective Christopher Ward [Shield# 5165], Detective Pedro Abreu [Shield# 577], Detective Joel Polichron [Shield# 4640], Detective Evangelos Dimitrakakis [Shield# 1793] and P.O. Liza Dupont [Shield# 16135] (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about May 5, 2009, at approximately 5:00 p.m., defendant officers of the New York Police Department, acting in concert, arrested plaintiff at her home, which is located at 786 Macdonough Street, Brooklyn, New York, County of Kings, and charged plaintiff with PL 220.03 'Criminal possession of a controlled substance in the seventh degree.'

10. Prior to the arrest, defendant officers forced their way into plaintiff's home without a warrant, physically and verbally assaulted the plaintiff, and handcuffed the plaintiff with her hands placed behind her back.

11. After handcuffing the plaintiff, defendant officers proceeded to perform an illegal search of plaintiff's home, and turned plaintiff's home upside down.

12. While at the precinct, defendant officers subjected plaintiff to a strip naked and forced body cavity search in the presence and clear view of other individuals including but not limited to other detainees.

13. The aforesaid strip and body cavity search was illegal because defendant officers lacked reasonable suspicion to believe that plaintiff was in possession of contraband, weapons, and/or a means of escape.

14. Eventually, after detaining plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

15. Plaintiff was then forced to enter into a plea deal.

16. Thereafter, plaintiff was transported to the Rikers Island Facility, and was incarcerated at said facility for approximately one (1) month following her arrest.

17. That defendants further subjected plaintiff to strip naked and forced body cavity searches during the period of her incarceration.

18. Since her release from Rikers, plaintiff has been harassed, detained and subjected to illegal search and seizure on numerous occasions by defendant officers, in retaliation for complaining about the conduct of defendant officers.

19. Additionally, on or about October 21, 2010, at approximately 3:00 p.m., defendant officers arrested plaintiff without cause or reason at or within the vicinity of 786 Macdonough Street, Brooklyn, New York, County of Kings.

20. Following the October 2010 arrest of the innocent plaintiff, defendant officers subjected plaintiff to a strip naked and forced body cavity search in the presence and clear view of her relatives, friends and neighbors.

21. Further, on or about November 4, 2010, defendant officers arrested plaintiff without cause or reason at or within the vicinity of 786 Macdonough Street, Brooklyn, New York, County of Kings.

22. That the innocent plaintiff, who was with her minor daughter at the time of the November 2010 arrest, was further subjected to an illegal and intrusive search by defendant officers.

23. That defendant officers indicated that they would take further retaliatory actions against the plaintiff in the event that she files any complaint against them, and even attempted to perform an illegal and intrusive search of plaintiff's minor daughter.

24. As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

25. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. The conduct of defendant officers, as described herein, amounted to excessive use of force, illegal and unreasonable search and seizure, unlawful entry, subjection to strip naked and forced body cavity search, first amendment retaliation and violation of due process rights.

27. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

28. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

29. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning use of force, permissible search of individuals, provision of medical treatment to detainees, correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

31. Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

32. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009). *See also* the following cases filed in this district: *Reginald Simms v. City of New York* (10 CV 3718, 10 CV 3420); *Javier Jones v. City of New York* (10 CV 3719); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *Khadija Shepherd v. City of New York* (10 CV 885); *John McLean v. City of New York* (10 CV 631).

33. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

34. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

35. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in her person and property, to be free from the excessive use of force, unreasonable searches & seizures, abuse of process and the right to due process.

36. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves, and conspired with other individuals to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth and Fourteenth Amendments to United States

6

Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

39. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of her constitutional and federal rights in violation of 42 U.S.C. § 1985.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. By reason of the foregoing, and by harassing and assaulting the plaintiff and depriving her of equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) and Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

43. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 and 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

44. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 and 12 of the New York Constitution.

45. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. The conduct of defendant officers, as described herein, amounted to assault and battery.

48. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

49. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

50. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

53. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

54. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

55. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

57. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

58. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

59. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

60. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       November 30, 2011

               UGO UZOH, P.C.

               /s/
               _____
      By:    Ugochukwu Uzoh (UU-9076)
            Attorney for Plaintiff
            304 Livingston Street, Suite 2R
            Brooklyn, New York 11217
            (718) 874-6045

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

ANNETTE YOUNG,

                                        Plaintiff,

against

THE CITY OF NEW YORK, DETECTIVE CHRISTOPHER WARD [SHIELD# 5165], DETECTIVE PEDRO ABREU [SHIELD# 577], DETECTIVE JOEL POLICHRON [SHIELD# 4640], DETECTIVE EVANGELOS DIMITRAKAKIS [SHIELD# 1793] and P.O. LIZA DUPONT [SHIELD# 16135],

                                        Defendants.

**AMENDED SUMMONS & COMPLAINT
DEMANDS TRIAL BY JURY**

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

To:

Defendant(s)/Attorney(s) For Defendant(s).

Service of a copy of the within is hereby admitted

                Dated:_____

        Attorney(s) For:_____